IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STROM YVONNA GATSON, | ) | CASE NO. 1:17 CV 1919 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

## Introduction

Strom Yvonna Gatson sought disability insurance benefits and supplemental security income because of multiple physical impairments. The Commissioner found Gatson incapable of performing her past relevant work as a childcare attendant, but found her capable of performing a significant number of jobs existing in the national economy.[1] This decision lacks the support of substantial evidence in the record. I, therefore, reverse the Commissioner's decision and remand for further consideration.[2]

---

[1] ECF No. 13, Transcript ("Tr.") at 24-25.

[2] The parties have consented to my jurisdiction. ECF No. 11.

## Analysis

State agency reviewing physician Michael Delphia, M.D., opined on May 30, 2015, that Gatson's ability to handle and finger with her left hand would be limited.[3] In the narrative portion of the RFC analysis in the Disability Determination Explanation, he stated "no fingering and handling" with the left hand.[4] Dr. Delphia also found Gatson's ability to push and pull with her left arm to be limited.[5] In the narrative, he limited Gatson to "no push[ing]/pull[ing]" with the left arm.[6] The state agency reviewing physicians' opinions were the only medical source opinions regarding Gatson's limitations in the record.[7]

At the hearing, the ALJ failed to pose a hypothetical to the vocational expert that incorporated the left upper extremity limitations opined by Dr. Delphia.

The ALJ ultimately gave Dr. Delphia's opinion great weight[8] but did not include any limitation as to Gaston's ability to push or pull in the RFC.[9] The ALJ also found Gatson

---

[3] Tr. at 94.

[4] *Id.* at 95.

[5] *Id.* at 94.

[6] *Id.*

[7] ECF # 18, Attachment 1 (Gatson's charts) at 6-9; ECF # 19, Attachment 1 (Commissioner's charts) at 1-4. State agency reviewing physician Abraham Mikalov, M.D., opined initially as to Gatson's limitations and his opinion mirror's Dr. Delphia's opinion on reconsideration. *Cf.* Tr. at 60-62 with Tr. at 93-95.

[8] *Id.* at 24.

[9] *Id.* at 23.

capable of occasional handling and fingering with her left hand.[10] The ALJ briefly discussed Gatson's left upper extremity in his opinion and the neurological status of Gatson's left hand.[11]

The ALJ gave great weight to Dr. Delphia's opinion but did not adopt his limitations regarding Gatson's ability to finger, handle, push, and pull with her left hand and left arm. The ALJ always must build an "accurate and logical bridge" from the evidence to his conclusions.[12] The ALJ failed to do so here, as his decision lacks adequate articulation for the departure from the limitations opined by Dr. Dephia. Therefore, the Commissioner's decision denying Gatson disability insurance benefits and supplemental security income must be reversed and remanded. On remand, the ALJ may decide the case by better articulation of the reasons for the departure from Dr. Delphia's opinion or by posing a hypothetical to the VE incorporating Dr. Delphia's limitations. But it may be preferable for the ALJ to obtain the opinion of a medical expert who has reviewed all the medical records.

## Conclusion

The RFC adopted by the ALJ lacks the support of substantial evidence because the ALJ did not properly articulate his departure from the limitations in Dr. Delphia's opinion, which was given great weight. I, therefore, reverse the decision of the Commissioner

---

[10] *Id.*

[11] *Id.* at 24.

[12] *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (internal quotations omitted).

denying the application for disability insurance benefits and supplement security income benefits and remand for reconsideration with proper analysis and articulation regarding the limitations included in Dr. Delphia's opinion with the assistance of the opinion of a medical expert, if appropriate.

IT IS SO ORDERED.

Dated: August 7, 2018                                        s/ William H. Baughman, Jr.
                                                             United States Magistrate Judge